**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1985
_____

WANDA WILLIAMS,
                                        Appellant

v.

EAST ORANGE COMMUNITY CHARTER SCHOOL; THE BOARD OF TRUSTEES
OF THE EAST ORANGE COMMUNITY CHARTER SCHOOL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03227)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2010

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2010)

_____

OPINION
_____

PER CURIAM

        Wanda Williams, proceeding pro se, appeals from an order of the United States

District Court for the District of New Jersey granting summary judgment in favor of the

Appellees in her employment discrimination lawsuit.  We will affirm.

On September 1, 2004, the East Orange Community Charter School informed Williams that her contract for employment as a "Long-Term Substitute Teacher" would not be renewed.  She filed a charge with the Equal Employment Opportunity Commission ("EEOC") on August 3, 2005, complaining of race discrimination in violation of Title VII.[1]  The EEOC issued a right-to-sue letter, which Williams received on March 19, 2007.  On July 12, 2007, she filed a complaint against the Charter School and its Board of Trustees in the District Court, alleging race discrimination and retaliation under Title VII, violations of the Americans with Disabilities Act ("ADA"), and intentional infliction of emotional distress.  The District Court granted the defendants' motion for summary judgment, holding that Williams' Title VII claims were time barred, concluding that she failed to exhaust her administrative remedies with respect to her ADA claims, and declining to exercise supplemental jurisdiction over the intentional infliction of emotional distress claim.[2]  Williams appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over an

---

[1] Williams also alleged religious discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act.  Because she did not include these claims in her complaint, the District Court did not consider them.

[2] A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. 1367(c)(3).  As explained below, the District Court properly rejected Williams' claims under federal law.  Therefore, it plainly acted within its discretion in declining to hear her state law claim of intentional infliction of emotional distress.  See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

order granting a motion for summary judgment. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in the light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Pursuant to that provision, a Title VII complainant has 90 days from the receipt of an EEOC right-to-sue letter to bring an action in court. See 42 U.S.C. § 2000e-5(f)(1); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). Williams alleged that she received the right-to-sue letter on March 19, 2007. Therefore, Williams had until Monday, June 18, 2007, to file her complaint. She did not file her complaint, however, until July 12, 2007. Williams has cited no basis for equitably tolling the limitations period. Accordingly, we agree with the District Court that the Title VII claims are time-barred.

Williams also alleged in her complaint that the defendants failed to provide her with reasonable accommodations as required by the ADA after she was injured when a child hugged her around the neck. Before filing a complaint, a plaintiff alleging

3

discrimination under the ADA must exhaust her administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (adopting Title VII enforcement scheme and remedies for ADA). The ensuing suit is limited to claims that are within the scope of the initial administrative charge. See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Id. Williams did not bring an ADA claim to the attention of the EEOC, and such a claim did not fall within the scope of her charge to the EEOC alleging that the defendants discriminated against her on the basis of race, religion, and age. See id. at 1295-96; Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976) (holding that "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (citations omitted)). Thus, the District Court properly concluded that Williams failed to exhaust her administrative remedies for her ADA claim.

For the foregoing reasons, we will affirm the judgment of the District Court.